MYERS, J.,
for the Court.
¶ 1. Maurice S. McGee, pro se, appeals an order of the Circuit Court of Montgomery County affirming his disqualification from unemployment benefits. The circuit court affirmed the decisions of the claims examiner for the Mississippi Employment Security Commission (MESC), rendered on February 14, 2002; a referee of the MESC on appeal, rendered on March 27, 2002, and the Board of Review of the MESC in a second appeal on May 8, 2002. In this appeal, McGee asserts a single issue: whether the lower court’s findings of fact are clearly erroneous. Finding no reversible error, we affirm.
STATEMENT OF FACTS
¶ 2. Maurice S. McGee was employed in the deboning area of Choctaw Maid Foods in Carthage, Mississippi, from February 22, 2000 until January 24, 2002. His duties were to pick up meat that had fallen on the floor and take the meat to the wash station where other personnel wash the meat. He was discharged on January 24, 2002, for poor work performance. On January 24, 2000, McGee picked up scrap meat off the floor and placed it in a container with clean meat. This occurred in the presence of a United States Department of Agriculture inspector. According to the referee’s report, the USDA inspector advised McGee’s supervisor that McGee should be fired for such conduct. McGee was terminated for placing the contaminated meat in the same container with uncontaminated meat in violation of USDA guidelines.
¶ 3. After McGee’s termination, he applied for unemployment benefits. The claims examiner determined that he was fired for misconduct connected with his employment and was not eligible for bene *427 fits. McGee appealed this decision to the MESC. A referee held two telephonic hearings on March 12, 2002 and March 26, 2002. McGee testified on his own behalf and Nikki Stiles, the human resources clerk for Choctaw Maid Food, testified on behalf of the employer. Following the hearing, the referee found: “In this case, the claimant was discharged for putting dirty meat in with clean meat. It is the opinion of the referee that claimant’s actions would constitute misconduct as that term is used in the law. The decision of the claims examiner is affirmed.”
¶ 4. McGee appealed to the Board of Review and the Board affirmed the referee’s decision. McGee then appealed to the Circuit Court of Montgomery County which affirmed the Board of Review of the MESC.
LEGAL ANALYSIS
¶ 5. When an appellate court reviews a trial court’s decision to affirm or deny an administrative agency’s findings and decisions, the appropriate standard of review is abuse of discretion. Brandon v. Miss. Employment Sec. Comm’n, 768 So.2d 341, 343(¶ 7) (Miss.Ct.App.2000). The standard for reviewing the findings and decisions of an administrative agency, such as the MESC, is found in Mississippi Code Annotated Section 71-5-531 (Rev. 2000). The statute reads: “In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” Id.
¶ 6. On the standard of review of MESC proceedings, this Court has held “[t]he denial of benefits may be disturbed only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee’s constitutional rights.” Miss. Employment Sec. Comm’n v. Noel, 712 So.2d 728, 730(¶ 5) (Miss.Ct.App.1998) (citing Miss. Comm’n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993)). This Court must affirm the decision of the MESC when the decision is supported by substantial evidence. Reeves v. Miss. Employment Sec. Comm’n, 806 So.2d 1178, 1179(¶ 5) (Miss.Ct.App.2002).
¶ 7. According to Mississippi Code Annotated Section 71-5-513 A.(1)(b)(Rev.2000), a person is disqualified from receiving unemployment benefits if he is discharged due to misconduct connected with his work. The employer has the burden of proving misconduct by clear and convincing evidence. Brandon, 768 So.2d at 344 (¶ 10). In the case of Wheeler v. Arriola, 408 So.2d 1381 (Miss.1982), the Mississippi Supreme Court defined “misconduct” within the meaning of the unemployment statute as:
conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term.
Wheeler, 408 So.2d at 1383. Actions not included in the realm of “misconduct” include “[m]ere inefficiency, unsatisfactory conduct,' failure in good performance as the result of inability or incapacity, or inadvertences [sic] and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion ...” Id.
¶ 8. In the case sub judice, McGee’s violation of USDA guidelines by placing *428 contaminated meat in containers with uncontaminated meat constitutes misconduct. McGee stated that he thought the scrap meat was going to be used for dog or cat food and so its placement did not matter. He also testified in the telephonic hearing with the referee that he knew he should not place contaminated meat with uncontaminated meat. Regardless of this knowledge, McGee chose to violate the guidelines in the presence of a USDA inspector who was visiting the plant.
¶ 9. McGee also presents an argument on appeal that another female employee, Marilyn Waters, did the same thing with contaminated meat and she was suspended for three days. He argues that this was an Equal Protection violation according to the Fourteenth Amendment. The hearing on March 12, 2002, was delayed specifically so Nikki Stiles, the representative of Choctaw Maid Foods, could obtain Marilyn Waters’ employee file. During the hearing on March 26, 2002, Stiles testified that she saw no record in Waters’ file of discipline; specifically of her being suspended for three days. McGee’s assertions were not supported by documentation in Waters’ employee records.
¶ 10. For the reasons discussed above, the decision of the lower court affirming the decision of the MESC denying McGee unemployment compensation benefits is affirmed.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY IS AFFIRMED.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.