McMILLIN, C.J.,
for the Court.
¶ 1. After being terminated from her job at the Isle of Capri Casino, Ouida J. Claiborne applied for unemployment compensation benefits. The Commission denied her right to receive benefits on a finding that she had been terminated for disqualifying misconduct. On appeal, the Circuit Court of Warren County reversed the decision of the Commission, finding that, by the employer’s own assertions, Claiborne was terminated for “unsatisfactory performance,” and that unsatisfactory performance alone does not rise to the level of disqualifying misconduct.
¶2. This Court, having reviewed the record de novo, as is our obligation in appeals of this nature (see Sprouse v. MESC, 639 So.2d 901 (Miss.1994)), concludes that there was substantial evidence in the record to support a determination by the Commission that Claiborne’s persis *700 tent failure to perform easily-accomplished but nevertheless important duties of her job demonstrated “carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability ... showing an intentional ... disregard of the employer’s interest.” Wheeler v. Arriola, 408 So.2d 1881, 1383 (Miss.1982). Such a finding requires that the employee be disqualified from receiving benefits. Miss.Code Ann. § 71-5-513 (Supp.2003).
¶ 3. Evidence presented to the Commission showed that Claiborne had received numerous corrective action reports during two years of employment, and that in the period from January 31, 2002 through March 2, 2002, she received four separate write-ups for failure to properly carry out her duties. Those final four alleged failures to properly perform included a failure to properly close and verify the locking of a slot machine door; the unexcused failure to respond to a radio call; failure to follow proper protocol in paying out a jackpot; and over-filling a slot machine hopper.
¶ 4. Judicial review of a decision of an administrative agency of the government is a limited exercise. Johnson v. MESC, 767 So.2d 1088, 1090(¶ 7) (Miss.Ct.App.2000). The reviewing court does not review the evidence .to arrive at its own interpretation of where the preponderance lies. MESC v. Hudson, 757 So.2d 1010, 1013(¶ 9) (Miss.Ct.App.2000). Rather, so long as there is substantial evidence in the record to support the agency decision, the appellate court must affirm even were that court to feel that the preponderance of the evidence supported a different outcome. Miss.Code Ann. § 71-5-531 (Rev.2000); Caraway v. MESC, 826 So.2d 100, 102(¶ 7) (Miss.Ct.App.2002). We find that there was such evidence in this case.
¶ 5. Alternatively, the appellate court may intercede if it determines that the agency applied an incorrect legal standard. E.g., MESC v. Universal Wearparts, Inc., 766 So.2d 104, 106(¶ 5) (Miss. Ct.App.2000). The circuit court appears to have seized on this aspect of the law to reverse when it lifted the phrase “unsatisfactory work performance” from a report that attributed that terminology to the employer’s Human Resources Clerk. From there, the circuit court offered the view that, as a matter of law, mere unsatisfactory performance could not rise to the level of misconduct.
¶ 6. With respect for the reasoning of the circuit court, we find that contention unpersuasive. There is no indication that the clerk who offered the characterization of the reason for Claiborne’s termination understood it as being a legal term of art. It is the actual facts surrounding the grounds for termination that control and not the terminology by which some individual attempts— perhaps incorrectly — to offer a summary definition of the basis for termination that controls the question. We have little trouble in finding that prolonged and persistent failure to perform routine duties that the employee is capable of performing properly, especially when that employee is given repeated warnings of those failures but apparently refuses to heed those warnings, may rise to the level of disqualifying misconduct as that term has been defined by statutory enactment and subsequent judicial interpretation.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS REVERSED AND RENDERED, THUS REINSTATING THE DECISION OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION THAT THE APPELLEE HEREIN WAS DISQUALIFIED FROM RECEIVING UNEM *701 PLOYMENT COMPENSATION BENEFITS.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.