906 So.2d 766 (2004)
Kevin HOWELL, Appellant,
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Blendco, Inc., Appellees.
No. 2003-CC-02151-COA.
Court of Appeals of Mississippi.
December 14, 2004.
*767 Kevin Howell (Pro Se), attorney for appellant.
B. Ray Therrell, II, attorney for appellees.
Before BRIDGES, P.J., MYERS and BARNES, JJ.
BARNES, J., for the Court.
¶ 1. Kevin Howell was discharged from Blendco, Inc. and denied unemployment benefits. Howell appealed the denial and *768 was granted a hearing before a Mississippi Employment Security Commission (MESC) appeals referee who determined that the benefits had been properly denied. Howell then appealed to the MESC Board of Review, which adopted the findings of fact and opinion of the referee and affirmed. On appeal to the Circuit Court of Forrest County, the circuit court upheld the Board's denial of benefits. Howell now appeals to this Court alleging the findings of the Board of Review are arbitrary and capricious. Finding no error, we affirm.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Kevin Howell was employed as office manager with Blendco, Inc. in Hattiesburg, Mississippi, from October 2002 until January 10, 2003. On that date, Blendco terminated Howell's employment for his use of a personal storage device, a "Zip drive," to connect to Blendco's confidential computer system in alleged violation of company policy. Howell filed for unemployment benefits; the claims examiner investigated the case and recommended Howell's disqualification from benefits. Howell appealed and was granted a hearing before the appeals referee. Both Howell and Charley McCaffrey, Blendco's Chief Executive Officer, testified at the hearing.
¶ 3. McCaffrey testified that Blendco deals with confidential client formulas. Accordingly, the company's Terms of Employment prohibit employees from divulging, taking from the premises, copying or using in any way any company secret or formula without express written permission from management. Howell's signed acknowledgment of these terms was admitted into evidence. McCaffrey testified that after Howell first brought his personal Zip drive to the premises, McCaffrey personally advised Howell of the company's Computer Systems Acceptability Use Policy and went over the policy with Howell in detail; this policy expressly prohibits "Zip Drives, or other devices capable of storing digital information". The referee admitted into evidence a typed memorandum from Jennifer Hopstein, dated January 28, 2003, in which Hopstein recounted that on Monday, January 6, 2003, while McCaffrey was in New Orleans, Howell brought her a form which he had downloaded by use of his Zip drive. The form could pull up all information about customer activity, accounts, and product information; the memo stated that Howell admitted that McCaffrey had told him "not to fool around with any of this, but I brought my Zip Drive up here and downloaded it anyway." Hopstein was concerned that Howell had downloaded something questionable and informed a co-worker. Howell denied the truth of Hopstein's narrative and objected to the unsworn exhibit which was admitted over his objection. McCaffrey testified that after he discharged Howell for violating the Computer Systems Acceptability Use Policy, a technician with the computer company which serviced Blendco's computers confirmed that the Zip drive had been installed on Howell's company computer. McCaffrey further testified that Howell had taken a disk with company information off the premises, and that, upon his request, Howell returned the disk and put it in the company mail box the day after his termination.
¶ 4. Howell acknowledged that "security obviously was an issue for the company," but denied that he had ever seen the Computer Systems Accessibility Use Policy, that McCaffrey had ever discussed the policy with him or had ever told him not to bring his Zip drive to the company. Howell testified that the only times he had taken the Zip drive on company premises were to show the drive to McCaffrey and *769 later to install a file, an ODBC driver, that a consultant had sent via e-mail to upgrade a computer program on the system. While he admitted that the Terms of Employment prohibited removal of any information from the company premises and that he had taken intellectual property off the premises, Howell testified that McCaffrey had approved the removal. McCaffrey refuted this testimony.
¶ 5. Following the hearing, the referee found Howell disqualified from receiving benefits due to misconduct connected with his work under Mississippi Code Annotated Section 71-5-513A(1)(b). The referee expressly determined that Howell was discharged "when he violated policy by using a personal storage device to connect to company computers to share information. The claimant's actions constitute misconduct connected with the work as that term is defined." The referee, therefore, affirmed the decision of the claims examiner to disqualify Howell from receiving unemployment benefits. Howell appealed the decision to the MESC Board of Review which, after careful review and consideration of all the evidence, adopted the referee's findings of fact and opinion, and affirmed.
¶ 6. On appeal to the Circuit Court of Forrest County, the court found that Howell admitted he brought the Zip drive to Blendco on several occasions and installed an ODBC driver that linked the company's software. The court determined these actions, in direct violation of the company's policies and procedures, constitute misconduct and affirmed the decision of the MESC Board of Review. Howell has appealed to this Court, asserting that the findings of fact of the Board of Review are arbitrary and capricious.

STANDARD OF REVIEW
¶ 7. The standard of review of a trial court's decision to affirm or deny the MESC Board of Review's findings and decision is abuse of discretion. McGee v. Miss. Employment Sec. Comm'n, 876 So.2d 425, 427(¶ 5) (Miss.Ct.App.2004). Further, section 71-5-531 of the Mississippi Code provides that in "any judicial proceedings" to review a MESC Board of Review decision, "the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Miss.Code Ann. § 71-5-531 (Supp.2004). Therefore, if the MESC Board of Review's decision was supported by substantial evidence and was not arbitrary or capricious, the circuit court and this Court must affirm that decision. Routt v. Miss. Employment Sec. Comm'n, 753 So.2d 486, 488(¶ 5) (Miss.Ct.App.1999). Substantial evidence has been defined by the Mississippi Supreme Court to be "`such relevant evidence as reasonable minds might accept as adequate to support a conclusion' or to put it simply, more than a `mere scintilla' of evidence." Hooks v. George County, Miss., 748 So.2d 678, 680(¶ 10) (Miss.1999) (quoting Johnson v. Ferguson, 435 So.2d 1191, 1195 (Miss.1983)). An act is arbitrary and capricious when "done without reason, ... implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles." Miss. Transp. Comm'n v. Anson, 879 So.2d 958, 963 (Miss.2004) quoting Miss. State Dep't of Health v. Southwest Miss. Reg'l Ctr., 580 So.2d 1238, 1240 (Miss.1991). If an agency's decision is found to be unsupported by substantial evidence, "it necessarily follows that the decision is arbitrary and capricious." Anson, 879 So.2d at 964.

LEGAL ANALYSIS
¶ 8. A terminated employee may be disqualified from receiving unemployment *770 benefits if the employee's termination was based upon the employee's "misconduct connected with his work." Miss.Code Ann. § 71-5-513A(1)(b) (Supp.2004). Although the statute does not define "misconduct," the Mississippi Supreme Court has defined the term as
conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer [h]as the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, [come] within this term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated instances, and good faith errors in judgment or discretion [are] not considered "misconduct" within the meaning of the statute.
Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982); see also Shavers v. Miss. Employment Sec. Comm'n, 763 So.2d 183(¶ 8) (Miss.2000); City of Clarksdale v. Miss. Employment Sec. Comm'n, 699 So.2d 578, 581 (Miss.1997).
¶ 9. The rule at issue in this case is Blendco's policy regarding the use of a personal Zip drive on a company computer. Howell acknowledged that security was an obvious issue for the company. Under Blendco's Computer Systems Accessibility Use Policy, "Zip Drives, or other devices capable of storing digital information are prohibited." Blendco put on substantial evidence that Howell brought a Zip drive to work, against company policy. Howell even admitted to bringing a Zip drive to his place of employment and connecting it to the company computer system. Therefore, Howell violated one of Blendco's company policies, constituting misconduct sufficient for disqualification of unemployment benefits.
¶ 10. While he admitted bringing the Zip drive to the company, Howell testified that he never saw the Computer Systems Acceptability Use Policy and never signed it. Therefore, Howell contends that he cannot be held accountable for violating the policy. Blendco's CEO testified, however, that he personally provided Howell a copy of the policy when Howell first brought the Zip drive to work, personally discussed the policy with Howell in detail twice, and verbally warned Howell not to bring the Zip drive on the premises. McCaffrey further testified that the policy was not one which employees signed. McCaffrey's testimony was enough in and of itself to constitute substantial evidence when the only contradictory evidence presented was Howell's own testimony. Howell acknowledged in his brief that the parties arguments were "word against word." The MESC, as the finder of fact, determines the weight and credibility of evidence. Miss. Employment Sec. Comm'n v. Penn's Fish House, Inc., 866 So.2d 503, 505(¶ 9) (Miss.Ct.App.2004). So long as the MESC's findings were based on substantial evidence, this Court must affirm. Id.
¶ 11. Howell argues that the MESC referee erred in admitting the typed memorandum from Jennifer Hopstein and the Computer Systems Accessibility Use Policy at the hearing, as they constituted hearsay. This contention lacks merit. Hearsay evidence can be admitted in an administrative proceeding so long as uncorroborated hearsay is not considered sufficient to meet the substantial evidence standard. Williams v. Miss. Employment *771 Sec. Comm'n, 395 So.2d 964, 966 (Miss.1981). In this case, Howell himself corroborated Hopstein's statement that Howell had connected the Zip drive to the company's computer system. McCaffrey corroborated not only the existence of the policy prohibiting such conduct but also Howell's knowledge thereof.
¶ 12. Having considered the record in its entirety, we find that there was substantial evidence to indicate that Howell violated Blendco's policy prohibiting possession of a Zip drive on company premises. Further, substantial evidence was presented that Howell had knowledge that such action constituted a violation of company policy. Therefore, we find the MESC Board of Review's decision was not arbitrary or capricious. We affirm the decision of the MESC Board of Review and the Circuit Court of Forrest County that Howell's actions constituted misconduct connected with his work.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND ISHEE, JJ. CONCUR.