ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. This appeal stems from the Mississippi Department of Employment Security’s (MDES) denial of Susan Mask’s request for unemployment benefits after she was terminated from her position as a seamstress at Townhouse Home Furnishings (Townhouse). She appealed the MDES Claim Examiner’s (Examiner) decision to an administrative law judge (ALJ) who affirmed the Examiner’s denial of benefits. Mask then appealed to the MDES Board of Review which affirmed the ALJ’s decision. Next, Mask appealed to the Monroe County Circuit Court which also affirmed the denial of her benefits. Mask filed a motion to alter or amend the judgment or, in the alternative, a motion for a new trial or to correct the judgment under Mississippi Rule of Civil Procedure 60(b); the circuit court denied this motion. Feeling aggrieved, Mask now appeals.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. From January 10, 2006, to September 8, 2008, Mask was employed by Townhouse as a seamstress in the chair-sewing department. Her primary duty was to sew pre-cut patterns of fabric onto chairs and loungers. Before her termination on September 8, 2008, Mask received multiple verbal warnings for incorrectly sewing patterns onto furniture. Tina West, Mask’s supervisor, testified she had warned Mask at least five times about the quality of her work. West testified that Mask repeatedly sewed the pieces of fabric onto the furniture incorrectly which then required each piece of furniture be torn down and redone, ultimately costing Townhouse time and money to correct the errors. The event that led to Mask’s termination occurred on September 8, 2008, when Mask sewed the rails backward on approximately fifty chaise loungers. The error resulted in several workers having to dismantle the chaise loungers which pushed back all remaining work until the next day. West testified that Mask made this error on multiple occasions and was warned after each occasion that this type of mistake was unacceptable. Additionally, Mask was verbally warned approximately two months prior to her termination for sewing the backs of multiple love seats incorrectly. Mask never provided any explanation as to why she was making these errors until she testified before the ALJ at the hearing. At that time, Mask admitted she had sewn the pieces incorrectly, but she did so because that is how West had showed her to sew them. Mask further testified that she was not fired but was laid off due to lack of work.
 

 ¶ 3. After her termination, Mask applied for unemployment benefits through the MDES. The Examiner met with Mask and an employer representative from Townhouse and determined that Mask committed misconduct; therefore, the Examiner denied Mask unemployment benefits on December 19, 2008. Mask then appealed the Examiner’s decision to the ALJ, and a hearing was held on February 20, 2009. After testimony from West and Mask, the ALJ affirmed the Examiner’s decision denying Mask unemployment benefits. Mask next appealed to the Board of Review; on April 13, 2003, the Board of Review adopted the ALJ’s findings of fact and affirmed the ALJ’s decision. Mask appealed the Board of Review’s decision to the circuit court. The circuit court, finding the Board of Review’s decision was
 
 *847
 
 supported by substantial evidence, was not arbitrary and capricious, and contained no errors of law, affirmed the Board of Review’s decision to deny Mask unemployment benefits.
 

 ¶ 4. Mask now appeals and raises the sole issue “[t]hat [MDES] and the circuit court erred in finding that [Mask] committed disqualifying misconduct pursuant to [Mississippi Code Annotated] § 71 — 5— 513(A)(1)(b) [ (Rev.2011) ] ... and that said findings were not based upon substantial evidence, and were arbitrary and capricious.”
 

 STANDARD OF REVIEW
 

 ¶ 5. In eases where this Court reviews the circuit court’s judgment to affirm or deny the Board of Review’s decision, we apply the abuse-of-discretion standard.
 
 Miss. Dep’t of Employment Sec. v. Clark,
 
 13 So.3d 866, 870 (¶8) (Miss.Ct.App.2009) (quoting
 
 Howell v. Miss. Employment Sec. Comm’n,
 
 906 So.2d 766, 769 (¶ 7) (Miss.Ct.App.2004)). Additionally, “[a]n agency’s conclusions must remain undisturbed unless the agency’s order: (1) is not supported by substantial evidence, (2) is arbitrary or capricious, (3) is beyond the scope or power granted to the agency, or (4) violates a statutory or constitutional right of the complaining party.”
 
 Miss. Dep’t of Employment Sec. v. Good Samaritan Pers. Servs., Inc.,
 
 996 So.2d 809, 812 (¶ 6) (Miss.Ct.App.2008) (citing
 
 Miss. Comm’n on Envtl. Quality v. Chickasaw County Bd. of Supervisors,
 
 621 So.2d 1211, 1215 (Miss.1993)).
 

 ANALYSIS
 

 I. Disqualifying Misconduct
 

 ¶ 6. The sole argument Mask raises on appeal is that the circuit court erred in finding she committed misconduct pursuant to Mississippi Code Annotated section 71 — 5—513(A)(1)(b) because the finding was not based on substantial evidence and was arbitrary and capricious. She contends that her errors were not misconduct because no substantial evidence was presented to show wrongful intent or evil design. Further, she argues there was not an employer policy regarding the number of warnings or types of warnings an employee must receive before termination.
 

 ¶ 7. In the context of unemployment benefits, the Mississippi Supreme Court relied on the definition of the term “misconduct” found in the Wisconsin Supreme Court case of
 
 Boynton Cab Co. v. Neubeck, et al.,
 
 237 Wis. 249, 296 N.W. 636, 640 (1941).
 
 Wheeler v. Arriola,
 
 408 So.2d 1381, 1383 (Miss.1982). The definition of misconduct is as follows:
 

 conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term.
 

 Id.
 
 Further, “[m]ere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered ‘misconduct’ within the meaning of the statute.”
 
 Id.
 

 ¶ 8. Mask argues that her behavior cannot be deemed misconduct as to deny her unemployment benefits because there was no evidence presented of wrongful intent or evil design. She cites the supreme court case
 
 Allen v. Mississippi Employ
 
 
 *848
 

 ment Security Commission,
 
 639 So.2d 904, 907 (Miss.1994) to support this position. In
 
 Allen,
 
 Waverly Allen was terminated from his position as a machine operator at Vesuvius USA Corporation after he received four reprimands for grinding parts incorrectly, failing to send parts to the proper stations, and improperly placing parts on the racks.
 
 Id.
 
 at 905-06. Allen was denied benefits “based upon the fact that he had before demonstrated that he had the ability to perform the work in accordance with his employer’s expectations.”
 
 Id.
 
 at 906. The supreme court reversed the circuit court’s judgment and found Allen’s actions could not be considered misconduct because “[t]he record lack[ed] evidence of wrongful intent or evil design. There [was] no indication in the record whatsoever that Allen’s negligence would import a wanton disregard of his employer’s interests in the mind of a reasonable person.”
 
 Id,,
 
 at 907. According to Mask, the evidence presented in her case is similar to that presented in
 
 Allen.
 
 She asserts that her supervisor testified she did not know why Mask had bad quality problems except maybe Mask forgot how to do the work. Mask contends that based on this testimony, there was no evidence she had wrongful intent or evil design sufficient to deny her unemployment benefits.
 

 ¶ 9. Keeping in mind our standard of review, we find the circuit court’s judgment was not arbitrary, or capricious and was based on substantial evidence. It is undisputed that Mask was employed by Townhouse for over two years and had demonstrated an ability to properly do the job assigned to her yet failed to perform the job up to her ability despite repeat warnings. In
 
 Mississippi Employment Security Commission v. Claiborne,
 
 872 So.2d 698, 700 (¶ 6) (Miss.Ct.App.2004), this Court held that a “prolonged and persistent failure to perform routine duties that the employee is capable of performing properly, especially when that employee is given repeated warnings of those failures but apparently refuses to heed those warnings, may rise to the level of disqualifying misconduct as that term has been defined by statutory enactment and subsequent judicial interpretation.” Further, in
 
 Shavers v. Mississippi Employment Security Commission,
 
 763 So.2d 183, 186 (¶ 12) (Miss.Ct.App.2000), this Court affirmed the denial of unemployment benefits to Carolyn Shavers after she was “reprimanded at least five times for failing to properly clean the silk screens and the squeegees.” We further stated: “[although each incident taken separately may not be enough to support a finding of misconduct, all of these actions considered together evidence ‘repeated neglect of her employer’s interest’ and thereby constitute misconduct on the part of Shavers.”
 
 Id.
 

 ¶ 10. In the current case, there was evidence presented that Mask had received numerous warnings for incorrectly sewing pieces of fabric onto pieces of furniture, yet she continued making the same errors. Unlike the
 
 Allen
 
 case where Allen expressed a concern about being able to handle the duties of his job, Mask never expressed any concern and had, in fact, correctly sewed the pieces many times. There was also testimony that Mask’s errors would cause Townhouse to shut down other parts of the factory, move employees to dismantle the improperly made furniture covers, throw away the covers, re-cut new pieces, and sew them on properly which cost Townhouse time, money, and resources. Applying the holdings in
 
 Shavers
 
 and
 
 Claiborne,
 
 we find Mask’s repeated errors, taken as a whole, demonstrate a repeated negligent disregard of Townhouse’s interest. Therefore, this issue is without merit.
 

 
 *849
 
 ¶11. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS AFFIRMED.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.